**YI LIN, Petitioner,**

v.

**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,**
**Respondent.**

**No. 06–4208–ag.**

United States Court of Appeals, Second Circuit.

Aug. 30, 2007.

E. Naman, Assistant United States Attorney, Beaumont, TX, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Yi Lin, a citizen of the People's Republic of China, seeks review of an August 17, 2006, order of the BIA denying his motion to reopen removal proceedings. *In Re Yi Lin,* No. A70 699 989 (B.I.A. Aug. 17, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–44.

With limited exceptions, a party may file only one motion to reopen removal proceedings, and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. *Wei Guang Wang v. BIA,* 437 F.3d 270, 273 (2d Cir.2006); 8 U.S.C. § 1229a(c)(7)(A). There is no time limit, however, on the filing of a motion to reopen if the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would

Jan Potemkin, Law Office of Jan Potemkin, New York, NY, (Joshua Bardavid, Bardavid & Associates, New York, NY, of counsel), for Petitioner.

Matthew D. Orwig, United States Attorney for the Eastern District of Texas, Paul

not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii).

Here, the BIA did not address the authenticity of the documents Lin presented, nor did it address whether the documents established a prima facie case of a well-founded fear of future persecution should Lin be forced to reside again in Guantou. Rather, the BIA appears to have concluded that the documents did not establish changed country conditions because, at most, they showed changed *local* conditions.

The BIA's decision was arbitrary and capricious because it did not consider whether it was reasonable, "under all the circumstances," for Lin to relocate where, as here, the alleged persecutor is the Chinese government. 8 C.F.R. § 208.13(b)(3)(ii) (where persecutor is a government, internal relocation is presumptively unreasonable, and the Government bears the burden of establishing by a preponderance of the evidence that it would be reasonable for the applicant to relocate); *see Jin Xiu Chen v. U.S. Dept. of Justice*, 468 F.3d 109, 111–12 (2d Cir. 2006). The BIA did not provide any factual basis for its assumption that Lin would be able to relocate within China, stating only that Lin "has not been removed to this particular village"—an empty observation that could be made of any removal order.

In reaching its conclusion, the BIA erred in three distinct ways: (1) it did not provide any factual basis for its assumption that Lin could relocate; (2) it did not assess the reasonableness of internal relocation; and (3) by suggesting that it was not enough for Lin to show that circumstances in what is undisputedly his home village had changed, it implicitly and improperly shifted the burden to Lin to show the unreasonableness of internal relocation.[1]

The BIA's reasoning is especially problematic in light of its subsequent decisions in *In re J–W–S–*, 24 I. & N. Dec. 185 (BIA 2007) and *In re J–H–S–*, 24 I. & N. Dec. 196 (BIA 2007). In *J–W–S–*, the BIA acknowledged that some localities in China may have stricter family planning policies than others, but concluded that the particular documents identified in *Shou Yung Guo v. Gonzales*, 463 F.3d 109, 115 (2d Cir.2006), with regard to Changle City did not outweigh other evidence indicating that Fujian Province is not particularly likely to punish returning Chinese citizens based on their foreign-born children. 24 I. & N. Dec. at 192–93. And in *J–H–S–*, the BIA acknowledged that "the details of local family planning policies" are a legitimate factor in evaluating whether Chinese citizens facing removal hold a well-founded fear of future persecution. *In re J–H–S–*, 24 I. & N. Dec. at 201.

The BIA's holding in *J–H–S–*, that such evidence is relevant, is difficult to reconcile with its reasoning below. Even setting aside the regulatory presumption that those facing persecution at the hands of the government are not free to relocate, *J–*

---

1. We note that the most recent country report on China indicates that although there has been some improvement in the ability of Chinese citizens to relocate internally, the Chinese government generally did not respect freedom of movement in practice, and government permission was often required before relocating to a new city. *See* U.S. Dep't of State, Country Reports on Human Rights Practices for 2006, China, at Section 2(d) (available at http://www.state.gov/g/drl/rls/hrrpt/2006/78771.htm) (last visited July 17, 2007).

*H–S–* would not make any sense if freedom of movement in China were to be presumed. And although it may prove to be the case that, as in *J–W–S–*, the documents presented here by Lin do not outweigh other evidence showing that persecution is unlikely, this Court has required the BIA to give especially careful consideration to evidence of changed country conditions submitted in support of a motion to reopen. *See Shou Yung Guo,* 463 F.3d at 115; *see also Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 270 (2d Cir.2007) ("*[Shou Yung Guo]* merely establishes the unremarkable proposition that a remand is appropriate when the BIA fails to consider potentially material evidence that was in the record before it.") (emphasis removed). That did not occur here.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED for further proceedings not inconsistent with this order. It is further ORDERED that the pending motion for a stay of removal is GRANTED.